| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

MAR 25 1998

MICHAEL N. MILBY, Clerk

| | |
|---|---|
| GUARANTY NATIONAL INSURANCE COMPANY, § § § | |
| Plaintiff, § § | |
| *versus* § § | CIVIL ACTION H-97-64 |
| AZROCK INDUSTRIES, INC., § § | |
| Defendant. § | |

# Opinion on Duty to Defend

1.  *Introduction.*

    Guaranty National Insurance Company seeks a declaration that it owes no duty to defend Azrock Industries, Inc., in state court lawsuits filed by individuals allegedly injured by Azrock's asbestos floor tiles. The umbrella insurance policy issued by Guaranty provided liability coverage for only the one-year period July 1, 1985, to July 1, 1986. None of the state court plaintiffs allege an injury manifesting itself during the policy period. Because there are no allegations of an occurrence as defined by the policy, there is no duty to defend.

2.  *Background.*

    Uvalde Rock and Asphalt Company for decades manufactured asphalt floor tiles under the trade name "Azrock." The Azrock tiles were made perfectly square by using asbestos in the manufacturing process. Azrock has been sued by at least twenty individuals alleging bodily injury resulting from their work with the Azrock tiles. Guaranty argues there is no duty to defend Azrock because none of the underlying plaintiffs allege an injury manifested during the policy period. Azrock argues that the Guaranty policy provides coverage for the claims asserted by underlying plaintiffs who allege exposure to the asbestos floor tiles before or during the policy period.



Azrock obtained insurance from five other companies between 1958 and 1991. Two of those insurance companies are insolvent. One company has paid the full limits of the Azrock policy. Two companies have denied coverage based on absolute asbestos exclusion clauses in the policies. Azrock argues that the one-year Guaranty policy should provide coverage and impose on Guaranty a duty to defend and a duty to indemnify for any injuries resulting from exposure to the Azrock asbestos floor tiles during the full sixty-plus years Azrock manufactured the tiles.

3. *Duty to Defend.*

Under Texas law, an insurance company's duty to defend is determined exclusively by the allegations in the underlying petition, without reference to the truth or falsity of those allegations. *Bituminous Casualty Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1052 (5th Cir. 1996). An insurer owes no duty to defend if the allegations fall outside the policy coverage. *Id.* The burden is on the insured to show that the claims against it are potentially within the policy coverage. *Lefarge Corp. v. Hartford Casualty Insurance Co.*, 61 F.3d 389, 396 (5th Cir. 1995).

4. *Occurrence.*

The Guaranty policy provides that Guaranty will pay sums the insured becomes legally obligated to pay for personal injury "caused by an occurrence during the policy period." The policy defines "occurrence" as:

> an accident, or a happening or event, or a continuous or repeated exposure to conditions which unexpectedly or unintentionally results in personal injury, property damage or advertising liability.

The policy makes no distinction, for purposes of an "occurrence," between personal injury and property damage.

The policy addresses the occurrence of a resulting injury, not the occurrence of some risk that has not manifested itself as an injury. Any risk may be insured or uninsured. The initial amount of a deductible, the various exclusions, the limits of coverage under the policy are all decisions on which risks are insured and which remain uninsured. As a general rule, the insured participates in making these decisions. Insurance for certain risks may be expensive, and the insured may decide to allow those

risks to remain uninsured. Insurance provided by certain companies may be significantly less expensive than insurance from other companies. The insured decides which risks to insure and which company's policy to purchase, and the insured must bear the consequences of its decisions. An insurer cannot be required to provide coverage for risks it did not assume and for which it was not paid a premium. Guaranty agreed to provide umbrella liability coverage for occurrences which resulted in personal injury during the policy period. Guaranty's policy provides no coverage for occurrences that did not result in personal injury during the policy period.

5.  *Exposure v. Manifestation of Injury*.

    Plaintiffs in some of the underlying lawsuits allege exposure to the asbestos tiles over a number of years extending into the policy period. None of the plaintiffs allege that their illness became identifiable until after the expiration of the Guaranty policy. The clear policy language requires an occurrence during the policy period before there can be coverage. An occurrence under the policy is not present unless continuous or repeated exposure actually results in personal injury. Texas courts and federal courts applying Texas law have determined that coverage is triggered when the injury manifests itself, and only those insurance policies in effect at that time provide coverage. *Snug Harbor Ltd. v. Zurich Insurance*, 968 F.2d 538 (5th Cir. 1992); *American Home Assurance Co. v. Unitramp Ltd.*, 945 F. Supp. 1061 (S.D. Tex. 1996); *Dorchester Development Corp. v. Safeco Insurance Co.*, 737 S.W.2d 380 (Tex. App.--Dallas 1987, no writ).

    Each of these cases involved property damage, not bodily injury. There is no reason to treat cases involving claims for bodily injury differently than those involving property damage. The policy definition of "occurrence" makes no distinction between personal injury and property damage. When there is no ambiguity in the insurance contract purchased by the insured to cover its potential liability, the court must give the policy language its plain meaning. *Lafarge Corp.*, 61 F.3d at 396. Liability imposed for property damage can be as economically devastating for the insured as liability imposed for personal injury. Similarly, a determination that the insured's chosen insurance policy fails to provide coverage is no more harsh for an injured party claiming bodily injury

than for an injured party claiming significant property damage. For purposes of policy construction, bodily injury claims should be treated the same as property damage claims.

6. *Duty to Indemnify.*

Guaranty moved only for partial summary judgment because it believed that a federal court is without authority to decide an insurer's duty to indemnify until final judgment is entered in the underlying tort actions. The federal Declaratory Judgment Act provides federal courts applying Texas law with the jurisdiction to "determine the right of indemnification by an insurer to an insured before the underlying liability of the insured is established." *Monticello Insurance Co. v. Patriot Security, Inc.*, 926 F. Supp. 97, 101 (E.D. Tex. 1996). *See also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (Declaratory Judgment Act confers discretion on the court to determine whether or not to determine indemnity issues before underlying liability is established). The Texas Supreme Court, in a decision issued after Guaranty filed its motion, held that amendments to the Texas Constitution now permit adjudication of an insurer's duty to indemnify before the insured's liability has been determined where, as here, "the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*" *Farmers Texas County Mutual Insurance Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis in original).

7. *Conclusion.*

Plaintiffs in the underlying lawsuits do not allege an occurrence within the policy period. Azrock has failed to show that the Guaranty policy provides coverage for the underlying claims. Guaranty will be granted a summary judgment that it owes no duty to defend Azrock in the underlying litigation.

Signed March 24, 1998, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge